UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | No. 24-cr-57 (DSD/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Brian Terrance Krueger and Terance Richard Krueger, | |
| Defendants. | |

---

This matter is before the Court on Defendants Brian and Terance Krueger's identical Motions for Disclosure of and to Make Informants and Cooperating Individuals Available to Interview (Docs. 35 (Brian Krueger's Motion), 38 (Terance Krueger's Motion).) The parties agreed to cancel the motion hearing scheduled for July 10, 2024, and requested that the Court decide the motions on the parties' written submissions. (Doc. 45.) The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the motions are granted in part and denied in part.

Brian and Terance Krueger move the Court for an "Order requiring the government to disclose the names and addresses of any informants, confidential or otherwise, and cooperating individuals who were working with, or were utilized by, the government or law enforcement" in this case. (Docs. 35 at 1; 38 at 1.) The Kruegers also request "an opportunity to interview any informants and/or cooperating individuals disclosed by the government that the government believes may be called as a witness at trial" and that "the

government be required to disclose prior criminal convictions of such informants and cooperating individuals, law enforcement's policies related to informant usage, and the government's files on the informants in this case." (Docs. 35 at 1; 38 at 1.) The government opposes both motions and asserts informant privilege.

The government's general "privilege to withhold the disclosure of the identity of a confidential informant" is not absolute. *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (citing *Rovario v. United States*, 353 U.S. 53, 77 (1957)). When deciding whether to disclose an informant's information, courts must weigh "the public interest in protecting the flow of information against the individual's right to prepare [their] defense." *Rovario*, 353 U.S. at 62. "[W]here the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61 (footnote omitted). In general, "[w]here the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (footnote omitted) (citing *United States v. Barnes*, 486 F.2d 776, 778–79 (8th Cir. 1973); *United States v. Roberts*, 388 F.2d 646, 650 (2d Cir. 1968); *Gilmore v. United States*, 256 F.2d 565, 567 (5th Cir. 1958)). But in "cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)).

Here, the only informant the Court can discern based on the information provided by the parties is the confidential reliable informant ("CRI") referenced in the applications for the warrants at issue in the Kruegers' motions to suppress evidence. The affiant represented in the affidavit for the pen register, trap, and trace warrant that the CRI knew Brian Krueger grows marijuana in Michigan and then brings it back to Minnesota to sell; the CRI personally observed large amounts of marijuana in one of Brian Krueger's properties; and the CRI exchanged multiple text messages with Brian Krueger regarding the sale of drugs. (*See generally* Gov't Ex. 1.) The affiant also represented in the affidavit for Terance Krueger's residence that "Terance was involved in the past with helping Brian operate his illegal narcotics trafficking/sales, but the CRI wasn't sure about Terance's current involvement if any." (Gov't Ex. 4 at 3.) Brian and Terance Krueger have both been charged with conspiracy to distribute marijuana and psilocybin, although not made explicit in the record, the government's filing in opposition to the Kruegers' motions suggests that the CRI was indeed a witness to the alleged conspiracy. (*See* Doc. 44 at 5 ("Even if it could be said that an informant was a witness to the charged offenses, there is no evidence that any informant participated in them.").) Moreover, law enforcement relied on the CRI's description of the alleged conspiracy to obtain each of the warrants at issue in this case, therefore the CRI is a material witness even if the government does not intend to call the CRI at trial. *See United States v. Finch,* No. 21-cr-157 PAM/ECW, 2022 WL 395925, at *3 (D. Minn. Feb. 9, 2022). Here, as in *Finch*, the government is required to identify the CRI who provided information in support of the search warrants at issue in this case. *Id.* As to the Kruegers' request that the government make informants available for an

3

interview, the government's disclosure obligation is satisfied when it provides a defendant with information about the informant's identity and location so that the defendant may contact the informant to request an interview or subpoena their testimony at trial. *Id.* (citing *United States v. Padilla*, 869 F.2d 372-77 (8th Cir. 1989)). If the government is concerned about protecting this individual or knows that Defendants may have trouble locating the informant, then it should produce the informant to Defendants to interview. *Id.* Notwithstanding the government's disclosure or production of the informant to be interviewed, the informant maintains the right to decline to be interviewed, the government has no obligation to "encourage" the informant to speak with Defendants. *Id.* (citing *United States v. Bittner*, 728 F.2d 1038, 1041-42 (8th Cir. 1984)). The Kruegers' remaining requests regarding informant disclosures are denied.

**SO ORDERED**.

DATED: September 11, 2024        s/Douglas L. Micko
                                 DOUGLAS L. MICKO
                                 United States Magistrate Judge