UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 24-cr-57 (DSD/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| Brian Terrance Krueger and Terance Richard Krueger, | |
| Defendants. | |

This matter is before the Court on the government's and Defendants Brian and Terance Krueger's non-dispositive pretrial motions. The parties agreed to cancel the motion hearing scheduled for July 10, 2024, and requested that the Court decide the motions on the parties' written submissions. (Doc. 45.) The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1.

Based on the files, records, and proceedings above, **IT IS ORDERED** that:

1. The government's Motion for Discovery (Doc. 3) is **GRANTED**.

2. Brian Krueger's Motion for Early Disclosure of Jencks Act Materials (Doc. 30) is **DENIED**. The Court lacks authority to order disclosure of the statements of prosecution witnesses before the conclusion of the witness's direct examination. 18 U.S.C. § 3500. "[A]lthough in many cases the government freely discloses Jencks Act material to the defense in advance of trial, . . . the government may not be required to do so." *United States v. Wilson*, 102 F.3d

968, 971–72 (8th Cir. 1996) (quoting *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984)). The Court understands that the government has already disclosed Jencks materials and intends to disclose any undisclosed materials no later than three days before trial. The Court requests—although it cannot require—that the government make these disclosures at least **one week** before trial to facilitate the prompt resolution of any resulting motions in limine.

3. Brian Krueger's Motion to Compel Government Attorney to Disclose Evidence Favorable to Defendant (Doc. 31) is **GRANTED**. As it agreed to do, and as required by governing law, the government must disclose exculpatory and impeaching information, and must do so as soon as it comes into possession of the information. *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).

4. Brian Krueger's Motion to Compel Production of *Giglio* Material (Doc. 32) is **GRANTED**. See paragraph 3 above.

5. Brian Krueger's Motion for Disclosure of 404(b) Evidence (Doc. 33) is **GRANTED IN PART** and **DENIED IN PART**. Mr. Krueger seeks immediate disclosure or disclosure no later than 30 days before trial of Rule 404(b) Evidence. The government agrees to disclose Rule 404(b) Evidence no later than 28 days before trial. The government must provide disclosures no later than **28 days** before trial. If the government discovers any Rule 404(b) evidence after the deadline, it must produce the evidence as soon as possible. Although this portion of this Order does not extend to evidence that is intrinsic to the

2

charged offense, *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014), the disclosure of such evidence may be required under other legal authority.

6. Brian Krueger's Motion for Discovery of Expert Under Rule 16(a)(1)(G) (Doc. 34) is **DENIED AS MOOT** in light of the Court's earlier issued Arraignment Order (Doc. 20) requiring disclosure of experts no later than **28 days** before trial, and disclosure of rebuttal experts no later than **14 days** before trial.

7. Brian Krueger's Motion to Retain Rough Notes (Doc. 36) is **GRANTED**.

DATED: September 11, 2024      *s/Douglas L. Micko*
                                DOUGLAS L. MICKO
                                United States Magistrate Judge

3